actions, or to actions *against non-physician health care providers.*

*Freed,* 971 A.2d at 1212 n. 8 (emphasis added).

 Regardless of the requirements for expert witnesses in medical malpractice actions against physicians under the MCARE Act, or the language of *Freed,* the MCARE Act does not *mandate* the admission of a given expert's testimony. Rather, decisions regarding the admission of expert testimony are left to the trial court's discretion, and will not be disturbed absent an abuse of discretion. *Commonwealth v. Towles,* — Pa. —, 106 A.3d 591, 605 (2014). Further, and critically herein, a trial court may exclude expert opinion testimony if the probative value of the testimony is outweighed by the potential to cause confusion or prejudice. *Houdeshell v. Rice,* 939 A.2d 981, 986 (Pa.Super.2007); Pa.R.E. 403 (court may exclude relevant evidence if its probative value is outweighed by a danger, *inter alia,* of confusing the issues or misleading the jury).

As the trial court noted, the instant case involved negligence claims against both nurses *and* physicians. The trial court determined that allowing Nurse Pierce to offer causation testimony as to Nurse Yakish, but not the physicians (which he was not qualified to do), might confuse the jury, and the Superior Court affirmed the trial court's ruling, rejecting Appellant's suggestion that, pursuant to *Freed, supra,* the trial court was required to allow Nurse Pierce to offer expert causation testimony. Appellant fails to argue, let alone establish, that the trial court abused its discretion in this regard. Indeed, in his expert report, Nurse Pierce opined that Nurse Yakish "failed to adequately assess/follow up bleeding from [Decedent's tracheotomy]," and that "[t]he team attending to [Decedent] during his crisis failed to react promptly to the need for the [tracheotomy] cuff to be inflated and failed to adequately assess airway placement. As a result of this negligence, Mr. Fusco suffered a cardiopulmonary arrest and died." Expert Report of William K. Pierce, 6/1/11, at 5 (R.R. at 303a). Thus, based on the expert report, the proffered expert causation testimony of Nurse Pierce was based on a course of conduct by nurses *and* physicians, and, as the trial court observed, had the potential to confuse the jury. Accordingly, we hold that Appellant is not entitled to relief on this issue.

### III. Conclusion

For the reasons set forth above, we affirm the Superior Court's decision to the extent it affirmed the trial court's grant of a nonsuit in favor of Nurse Yakish. However, we reverse the Superior Court's order affirming the trial court's grant of a nonsuit in favor of the Hospital, and remand the matter to the Superior Court, for remand to the trial court, for further proceedings consistent with this opinion.

Order affirmed in part and reversed in part. Case remanded.

Chief Justice SAYLOR, Justices EAKIN, BAER and STEVENS join the opinion.

**Thomas D. GOODENOW, Appellant**

v.

**PENNSYLVANIA DEPARTMENT OF CORRECTIONS, Appellee.**

Supreme Court of Pennsylvania.

Sept. 29, 2015.

### ORDER

PER CURIAM.

**AND NOW,** this 29th day of September, 2015, the order of the Commonwealth Court is hereby **AFFIRMED.**